IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,021 & 75,022






EX PARTE ENRIQUE RAMIREZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Article 11.07, § 3, et seq., V.A.C.C.P. Applicant was convicted of indecency with
a child and aggravated sexual assault of a child. Punishment was assessed at 20 years in prison
for the indecency with a child offense and 50 years for the aggravated sexual assault offense. 
Sentence was imposed in open court on February 12, 2001. The court of appeals dismissed
Applicant's appeals for want of jurisdiction, stating that the notices were filed one day late and
that requests for extension of time had not been filed. 

 Applicant contends that he was denied his right to appeal. The trial court entered
findings of fact and conclusions of law recommending that Applicant be granted an out-of-time
appeal. We agree. The duty to perfect an appeal attaches whether counsel is appointed or
retained. Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). Counsel had the duty
to timely file a motion for new trial or give timely notice of appeal, unless relieved by the trial
court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his
convictions in cause numbers W00-47810-S(A) and W00-72442-S(A) of Dallas County. The
proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall
be calculated as if the conviction had been entered on the day that the mandate of this Court
issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative
steps to see that notice of appeal is given within thirty days after the mandate of this Court has
issued. 

 Applicant's remaining allegations are dismissed. Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997). 


DO NOT PUBLISH

DELIVERED: SEPTEMBER 29, 2004